

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,560-01

### EX PARTE LAWRENCE DEMETRIUS SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 08-0306X(A) IN THE 71ST DISTRICT COURT
### FROM HARRISON COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Smith v. State*, No. 06-09-00140-CR (Tex. App. — Texarkana, Jan. 11, 2010) (not designated for publication).

Applicant contends, among other things,[1] that the State withheld favorable evidence from the

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

defense prior to trial by failing to disclose the criminal history of its primary witness, Marietta Taylor. Applicant alleges that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate and discover the criminal history of witness Marietta Taylor. Applicant also alleges that trial counsel failed to object to the introduction of extraneous offense and bad act evidence and to the prosecutor's repeated references to those extraneous matters during closing arguments, and failed to request limiting instructions regarding extraneous offenses and bad acts in the jury charge. Applicant alleges that trial counsel failed to recall State's witness Adrian Ward for cross-examination when Ward was removed from the courtroom immediately after his direct testimony without providing an opportunity for cross-examination.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State timely provided the defense with the criminal history of its witness Marietta Taylor. If the State did not disclose such evidence, the trial court shall make findings of fact and conclusions of law as to

whether the evidence was material and favorable to the defense. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 12, 2017
Do not publish